**STATE OF OREGON v. WELLS, FARGO & COMPANY.**[*]

(126 Pac. 611.)
(130 Pac. 983.)

ON MOTION TO DISMISS.

**Appeal and Error—Right of Appeal—Part of Judgment.**

1. Where the provisions of a judgment are so intimately connected and interdependent that a reversal as to a part would necessarily change other parts, appellant cannot accept the provisions in his favor, and appeal from the remainder.

**Appeal and Error—Appeal from Part of Judgment.**

2. The complaint, in an action under Section 3540, L. O. L., and the following sections, to recover from an express company licenses of three per cent of its annual gross receipts and penal-

---

[*] The authorities on the question of the right to accept favorable part of a decree, judgment or order, and appeal from the rest of it, are reviewed in an extensive note in 29 L. R. A. (N. S.) 1.        REPORTER.

ties, alleged three separate causes of action to obtain three separate amounts as licenses and penalties for the years 1906, 1907, and 1908, respectively, and a demurrer to the separate defenses set up by the first and second causes of action was sustained, but was overruled as to the third cause of action, whereupon the parties stipulated that judgment should be deferred until a decision was reached by the United States Supreme Court involving the validity of the gross earnings tax, and that, if the act were upheld, judgment should be rendered against defendant for the amounts of the first and second causes of action, but if declared invalid, judgment should be entered for defendant for costs, etc., and that plaintiff take nothing by its action. Held, that judgment on the first and second causes of action was not so contingent upon the third cause as to necessarily require a reversal of the judgment on the first and second causes of action, if the order dismissing the third cause of action were vacated on appeal, so that the State could appeal from the order overruling a demurrer to the special defense to the third cause of action.

### Appeal and Error—Construction.

3. The stipulation did not prevent a review of the judgment entered on the third cause of action before the decision of the United States Supreme Court as to the validity of the statute; it being necessary that stipulations as to the entry of judgment shall explicitly and expressly state what is to be done, and that nothing shall depend on implication.

## ON THE MERITS.

### Taxation—Corporate Property—Statutory Provisions.

4. If the Gross Earnings Tax Law, enacted under the initiative in June, 1906 (Session Laws 1907, pp. 7, 8), imposing on express companies a tax of 3 per cent on their gross receipts received in the State, was not repealed by the new tax code of 1907 (Session Laws 1907, p. 453), and the statute supplementary thereto (Session Laws 1907, p. 485), it was impliedly repealed by the act of 1909 (Session Laws 1909, p. 345), creating the board of tax commissioners, requiring it to make an annual assessment of the property of express companies, and containing a complete and comprehensive scheme for the assessment and taxation of express, telephone, and telegraph companies.

Taxation—Corporate Property—Statutory Provisions.

5. The gross earnings tax levied in 1908 on express companies under the Gross Earnings Tax Law of 1906 (Session Laws 1907, pp. 7, 8), did not become due and payable notwithstanding the repeal of that law by the act of 1909 (Session Laws 1909, p. 345), dealing with the same subject, since, under the act of 1906, the tax for 1908 did not become due and owing until March 31, 1909, and the act of 1909, repealing the earlier act, was in full force and effect on February 24, 1909.

Decided October 1, 1912.

ON MOTION TO DISMISS APPEAL.

(126 Pac. 611.)

From Marion:   PERCY R. KELLY, Judge.

This is an action by the State of Oregon against Wells, Fargo & Co., a corporation, to collect certain licenses from the express company, upon its annual gross receipts. There was a judgment in favor of plaintiff on its first and second causes of action, and in favor of defendant on the third. As to the third cause of action the State appeals and respondent now moves to dismiss the appeal.

DENIED.

*Messrs. Snow & McCamant* for the motion.

*Mr. Andrew M. Crawford,* Attorney General, *Mr. Isaac H. Van Winkle,* Assistant Attorney General, and *Mr. James W. Crawford,* 2nd Assistant Attorney General, *contra.*

MR. JUSTICE MOORE delivered the opinion of the court.

This action is based on Section 3540 *et seq.,* L. O. L., and was instituted to recover from an express company licenses of 3 per cent. of its annual gross receipts in Oregon, and 10 per cent additional as penalties for failure to pay the sums so prescribed for the privilege of conducting the business in this State. The complaint contains three separate causes of action to obtain by course of law the sums of $4,154, $9,907.77, and $7,796 as

licenses and penalties for the years 1906, 1907, and 1908, respectively. The answer to each cause of action set up three separate defenses, viz.: That the act hereinbefore referred to and pursuant to which the tax was undertaken to be imposed was an attempted exercise of the initiative power reserved to the electors by an amendment of the fundamental law of the State (Constitution, Article IV, Section 1), which alteration contravened the provisions of the Federal Constitution; that the statute mentioned had been repealed by an act of the legislative assembly, approved February 28, 1907 (Laws 1907, p. 458) ; and that the statute first adverted to had also been abrogated by an act of the legislature filed in the office of the Secretary of State February 24, 1909 (Laws 1909, p. 345). A demurrer to the several defenses was interposed on the grounds that the facts thus set forth were insufficient to constitute a justification, or a confession and avoidance, of the allegations of the complaint. The demurrer to the separate defenses put forward to the first and second causes of action was sustained, but was overruled as to the third. Thereupon counsel for the respective parties stipulated that the entry of a judgment herein should be deferred until a decision was reached by the Supreme Court of the United States on a writ of error to the Supreme Court of Oregon, wherein the validity of the gross earnings tax of 1906, an initiative act, was involved; that, if such act were upheld, judgment should be rendered against the defendant for the sum of $14,061.77, the amount of the first and second causes of action, with interest thereon from June 29, 1909, and for the costs and disbursements, but, if the act were declared invalid, judgment should be entered for the defendant for its costs and disbursements, and that plaintiff take nothing by its action. The cause thus referred to was dismissed for want of jurisdiction, thereby impliedly upholding the validity of the initiative act. *Pacific States Tele-*

*phone & Telegraph Co.* v. *State of Oregon,* 223 U. S. 118 (32 Sup. Ct. 224 : 56 L. Ed. —.) Pursuant to the stipulations mentioned, judgment was entered April 1, 1912, in favor of the plaintiff and against the defendant for the sums specified, which award was paid in full and satisfied of record two days later. As to the third cause of action stated in the complaint, it was determined that plaintiff take nothing thereby. From this latter judgment the plaintiff appealed, and, the cause having been transferred, the defendant's counsel moved to dismiss the appeal on the grounds that the part of the judgment undertaken to be reviewed was a necessary incident to the remainder, from which no appeal had been taken, that the judgment was entered pursuant to stipulations of the parties and for that reason it was not reviewable, and that the sums so awarded have been paid into court by the defendant, accepted by the plaintiff, and the judgment satisfied, and hence there is nothing from which an appeal will lie.

1, 2. Considering the reasons assigned in the order stated, the rule is well settled in this State that, when the provisions of a judgment are so intimately connected and reciprocally dependent that a reversal as to one part would necessarily change other portions, a party cannot accept the benefits of the provisions in his favor and retain his right of appeal. *Moore* v. *Floyd,* 4 Or. 260 ; *Inverarity* v. *Stowell,* 10 Or. 261. Though the complaint herein sets forth three distinct causes of action, each is as separate as if it were based on the different primary pleading. *Taffe* v. *Smyth,* 62 Or. 227 (125 Pac. 308, 313). The judgment predicated on the first and second causes of action is not therefore so closely related to, or contingent upon, the third cause as necessarily to demand a reversal of the determination of either of the former, in case the order dismissing the third cause of action were set aside on appeal.

3. In stipulating that the entry of a judgment for a specified sum equivalent to the amount demanded in the

first and second causes of action should be deferred until a decision was reached by the Supreme Court of the United States in a case involving the validity of an act initiated by petition and ratified by the electors of Oregon, no reference was made to the third cause of action to which the demurrer had been sustained. Under the maxim that the inclusion of one or more items of a bill of particulars excludes all others, it might seem to follow that the stipulation for entering a judgment impliedly, at least, contemplated a final determination of the entire cause by consent of the parties so as to preclude an appeal. The right of a superior court to review the determination of an inferior tribunal ought never to depend upon implication, and, when a judgment is given pursuant to an agreement, the consent ought to be so express in terms that no mistake could possibly arise respecting the concurrence of the parties. There is not such an explicit specification as to the third cause of action as to preclude a review of the judgment rendered thereon. In *Portland Construction Co.* v. *O'Neil,* 24 Or. 54, 56 (32 Pac. 764, 765), it was said:

"It has been repeatedly held that where the pleadings admitted a certain amount due, and such sum had voluntarily been tendered, or paid after judgment, the amount tendered or paid on the judgment may be accepted by the prevailing party without waiving the right of appeal."

In *Campbell* v. *Cincinnati Southern Ry.,* 80 Ky. 585, the plaintiff sought to recover the sum of $231,451.78. The answer denied the entire demand except $28,726, which was admitted to be due, and for which sum judgment was given. The action as to the remainder of the claim was dismissed, and the plaintiff appealed. Thereafter he accepted the sum of money admitted to be due, and it was held that the collection of the part of his demand which was uncontroverted did not prevent him from prosecuting an appeal from the judgment dismissing the action as to

the portion which was disputed.    Under the rule thus announced, the plaintiff by accepting the sum of money conceded to be due and satisfying the judgment of record was not precluded from having the order of the court dismissing the third cause of action reviewed on appeal.

It follows that the motion should be denied, and it is so ordered.                                           DENIED.

Decided March 25, 1913.
ON THE MERITS.
(130 Pac. 985.)

Statement by MR. CHIEF JUSTICE MCBRIDE.

This is an action brought by the State of Oregon to recover certain sums of money claimed to be owing by respondent under the gross earnings tax law enacted under the initiative in June, 1906.    The complaint contained three counts; the first thereof claiming the tax due on the earnings of respondent in the fractional year 1906, the second thereof on the earnings of respondent in the calendar year 1907, and the third thereof on the earnings in the calendar year 1908.    Judgment was entered in the court below in favor of appellant and against respondent for the amounts claimed for the years 1906 and 1907, and that judgment was paid by respondent.

The lower court on demurrer to the answers to the third count in the complaint held that the initiative law for 1906 had been repealed by the tax law of 1907, found in the Session Laws for that year at pages 485 to 497, and that the gross earnings tax law had also been repealed by the act of 1909 creating the board of tax commissioners, found in the Session Laws for that year at pages 345 to 364.    Judgment was entered for respondent on the third count of the complaint for the tax claimed on its earnings in 1908.    The question presented by this appeal is whether the act of 1906 is repealed by either or

both of the acts aforesaid. For an understanding of the questions raised on this appeal, it is necessary to recite the three acts in question. The gross earnings statute enacted by initiative in 1906, in so far as it is important for present purposes, is as follows (Session Laws 1907, pp. 7, 8):

"Section 1. That every express company or corporation doing business in this State shall pay to the State of Oregon a license of three (3) per centum upon the gross receipts of such company or corporation received in this State, and every telephone company or corporation doing business in this State, and every telegraph company or corporation doing business in this State, shall pay to the State of Oregon a license of two (2) per centum upon the gross receipts of such company or corporation received in this State; which license shall be paid annually by such company or corporation to the Treasurer of this State. And for the purpose of ascertaining the amount of the same, it shall be the duty of the president, secretary, and treasurer, or such of them as reside in this State, or if neither of said officers reside in this State, then of the general manager or other officer or agent of such company or corporation having general control, management or supervision of its business within this State, to transmit to the State Treasurer, on or before the first day of March of each year, a statement, under oath, of the gross receipts of said company or corporation for business transacted within this State during the preceding year, ending December 31st of said year; and if such company or corporation shall fail to make such statement, or to pay any such license, for the period of thirty (30) days from and after such statement is required by this act to be made, or after such license is due and payable, as herein provided, the amount thereof, with the addition of ten (10) per centum thereon for such failure, shall be collected of such company or corporation, for the use of the State, and the same is hereby declared to be and is made a debt due and owing from such company or corporation to the State of Oregon. * *"

In 1907 the legislature enacted a new tax code consisting of 80 sections, found on pages 453 to 484 of the

Session Laws of 1907, and in connection therewith enacted a statute supplementary thereto, found in the Session Laws of 1907, at pages 485 to 497.   Section 1 of this latter statute provides for an amendment of Section 3037 of the B. & C. Comp., so that the same shall read as follows:

"All real property within this State, and all personal property situated or owned within this State, except such as may be specifically exempted by law, shall be subject to assessment and taxation in equal and ratable proportions."

Section 2 of this statute proceeds to define what shall be deemed real property as follows:

"The terms land, real estate, and real property, as used in this act, shall be construed to include the land itself, whether laid out in town lots, or otherwise, above and under water, all buildings, structures, substructures, superstructures, and improvements erected upon, under, or above or affixed to the same, and all rights and privileges thereto belonging or in any wise appertaining; and all franchises and privileges granted by or pursuant to any law of this State or municipal ordinance or resolution, owned or used by any person or corporation; other than the right to be a corporation; and all mines, minerals, quarries, fossils, and trees in, under, or upon the land."

The statute proceeds in Section 3 to define personal estate, and in Section 4 to enumerate the property exempt from taxation.   It defines the manner in which property, both real and personal, shall be assessed and taxed, and the jurisdiction in which such assessment and tax shall be levied.   Section 39 provides for the repeal of all acts and parts of acts in conflict with the statute of 1907. Section 40 provides that the act shall be without prejudice to the assessment which would otherwise be levied as of March 1, 1907.   The act of 1909 creates the board of tax commissioners, and by subdivision 15 of Section 4 thereof requires this board:

"To make an annual assessment, upon an assessment

roll to be prepared by said board, of the property having a situs in this State, as hereinafter defined, of all * * express companies, telegraph companies, telephone companies. * *"

Section 5 of this statute reads, in part, as follows:

"The term 'property,' as used in this act, shall be deemed to include all property, real and personal, subject to assessment for taxation under this act belonging to the corporation, or held by it as occupant, lessee, or otherwise, and shall include the rights of way, roadbed, cars, rolling stock, tracks, wagons, horses, office furniture, telegraph, telephone and transmission poles, wires, conduits, switchboards, machinery, appliances, appurtenances, and all other property of a like or different kind, used in the carrying on of the business of said corporation, and owned, leased, or operated by them respectively, and all other real and personal property, and all franchises and special franchises; provided, however, that this definition shall not include, apply to, or subject to assessment for taxation by said board, such real estate as is owned and can be conveyed by such corporation under the laws of this State, which is not actually occupied in the exercise of its franchise, or in use in the operation of their corporate business. * *"

Section 7 provides that each corporation, between the 1st day of April and the 15th day of May of each year, shall file with the tax commissioners a statement, under oath. This statement is a comprehensive one. It must set up the par value and the market value of the stock, a statement of the bonds, if any, and of their market value, a list of the real property situate in the State of Oregon and an appraisal of its value, a statement of the personal property owned by the corporation in Oregon and of the value thereof, the total value of the real estate of the corporation outside the State of Oregon, the total value of its personal property outside the State of Oregon, the total length of its lines, and the length of its lines in Oregon. The thirteenth subdivision of Section 7 requires the corporation to give "a statement in detail of the entire gross receipts and net earnings of the company from all

sources, stated separately, for the fiscal year next preceding the date of the report." Section 9 requires the board of tax commissioners, prior to the first Monday of October of each year, to levy an assessment on the property of the company subject to taxation under the act. This section contains the following language:

"* * For the purpose of arriving at the amount and character and true cash value of the property belonging to said companies as appearing upon the assessment roll for the purpose of assessment for taxation under this act, the said board * * may take into consideration the statements filed under this act, the reports, statements or returns of said companies filed in the office of any board, office or commission of this State, or any county thereof, the earning power of said companies, the franchises and special franchises owned or used by said companies (said franchises and special franchises not to be directly assessed, but to be taken into consideration in determining the value of the other property), the assessed valuation of any property of said companies, used in the operation of the business of the companies, and by law required to be assessed by county assessors, and such other evidence of any kinds as may be obtainable bearing thereon. * * In determining the true cash value of the property assessable for taxation by the said board of state tax commissioners of the companies in this act enumerated, when said companies own, lease, operate or use rail, pipe or wire lines or property within and without this State, if this board shall value the entire property within and without the State as a unit, as provided in the next section the said board shall be controlled in ascertaining the property subject to taxation in Oregon by the proportion which the number of miles of main track (meaning thereby main, stem and branch lines), miles of wire, or miles of main pipe lines controlled or used by said company as owner, lessee, or otherwise, within the State of Oregon bears to the entire mileage of main track as aforesaid, miles of wire or main pipe line controlled or used by said company, as owner, lessee or otherwise."

This act declared an emergency, and became operative on the 24th of February, 1909.                    AFFIRMED.

For appellant there was a brief over the names of *Mr. Andrew M. Crawford,* Attorney General, *Mr. Isaac H. Van Winkle,* Assistant Attorney General, and *Mr. James W. Crawford,* 2nd Assistant Attorney General, with an oral argument by *Mr. Van Winkle.*

For respondent there was a brief over the names of *Messrs. Snow & McCamant* and *Mr. E. S. Pillsbury,* with an oral argument by *Mr. Wallace McCamant.*

Opinion by Mr. Chief Justice McBride.

4. It is not now necessary to decide whether or not the act of 1907 heretofore quoted repealed the act of 1906. In any event, we think it clear that the act of 1909, which is comprehensive in its terms and covers the whole field of taxation embraced in the act of 1906, effected a repeal of that act. It covers the same ground, deals with the same subject, and was, no doubt, intended to be a complete and comprehensive scheme of taxation, revising and taking the place of previous laws for the assessment and taxation of express, telephone, and telegraph companies; and therefore repeals such previous statutes by implication. *Little* v. *Cogswell,* 20 Or. 345 (25 Pac. 727) ; *Continental Ins. Co.* v. *Riggen,* 31 Or. 336 (48 Pac. 476) ; *Reed* v. *Dunbar,* 41 Or. 509 (69 Pac. 451).

5. The contention that the tax for 1908 is due notwithstanding the repeal of the act by the legislature of 1909 cannot be upheld. The tax which was levied in 1908 under the act of 1906 did not become payable until March 31, 1909, at which date, in the language of the act, it is "made a debt due and owing from such company or corporation to the State of Oregon." The act of February 24, 1909, contained an emergency clause, and was in full force and effect from that date, so that no debt existed on account of the gross earnings tax of 1908 at the time the law of 1906 was repealed.

The judgment of the circuit court is affirmed.

Affirmed.

Mr. Justice Burnett took no part in the consideration of this case.