Submitted on Briefs without argument, March 18, decided March 25, 1913.

## STATE v. BROWN.

(130 Pac. 985.)

### Indictment—Language of Statute—Dentists—Practicing Without Recording Certificate.

1. Section 4780, L. O. L., provides that any person who shall practice dentistry, or who for reward or hire shall do any act of dentistry, without having filed for record and having recorded in the office of the county recorder of the county wherein he shall so practice or do such act a certificate from the board of dental examiners entitling him to practice, shall be guilty of a misdemeanor, etc. Held, that such section may be violated either by practicing dentistry in any manner whatever, without having first recorded the certificate, and also by doing an act of dentistry for reward or hire; and hence an indictment in the language of the statute for violating the first clause of the section was not defective for failure to set out specific acts of dentistry which the defendant performed, or to allege that he performed them for reward or hire.

### Constitutional Law— Dentists — Discrimination — Regulation — Recording Certificate—Statute.

2. Such section was applicable to all dentists, and was not, therefore, unconstitutional as discriminating in favor of non-residents as against residents.

### Physicians and Surgeons—Police Power—Dentists—Regulation.

3. Setion 4780, L. O. L., making it a misdemeanor for any person to practice dentistry, or to do any act of dentistry for reward or hire, without having first recorded his certificate in the county wherein he is engaged in such practice or does such act, is

a proper police regulation intended to protect the public against the practice of dentistry by disqualified persons.

From Coos: JOHN S. COKE, Judge.

Statement by MR. CHIEF JUSTICE MCBRIDE.

The defendant, H. M. Brown, was indicted for the crime of practicing dentistry without recording his certificate. The indictment is as follows:

"H. M. Brown is accused by the grand jury of the County of Coos, State of Oregon, by this indictment of the crime of practicing dentistry without recording certificate, committed as follows: That said H. M. Brown, on the 15th day of April, 1912, in the county of Coos and State of Oregon, then and there being, did then and there wrongfully and unlawfully practice dentistry, without having filed for record and having recorded in the office of the county recorder or county clerk of Coos County, State of Oregon, a certificate from the board of dental examiners of the State of Oregon entitling him, the said H. M. Brown, to so practice, contrary to the statutes in such cases made and provided, and against the peace and dignity of the State of Oregon."

A general demurrer was interposed and overruled. Whereupon the defendant, refusing to plead further, was duly adjudged guilty and sentenced to pay a fine of $100 and costs, from which judgment he appeals.

AFFIRMED.

For appellant there was a brief over the name of *Mr. G. T. Treadgold.*

For the State there was a brief over the names of *Mr. George M. Brown,* Prosecuting Attorney, and *Mr. Lawrence A. Liljeqvist,* Deputy Prosecuting Attorney.

Opinion by MR. CHIEF JUSTICE MCBRIDE.

1. The first objection urged is that the indictment does not set forth the specific acts of dentistry which the defendant performed, or that he performed them for reward or hire. Section 4780, L. O. L., is as follows:

"Any person who, as principal, agent, employer, em-

ploye, assistant, or in any manner whatever, shall practice dentistry, or who for reward or hire shall do any act of dentistry, without having filed for record and having recorded in the office of the county recorder of the county wherein he shall so practice or do such act a certificate from said board of dental examiners entitling him to so practice, shall be guilty of a misdemeanor, and upon conviction shall be fined in any sum not less than $50 nor more than $200, or be confined for any period not exceeding six months in the county jail, for each and every offense. All fines recovered under this act shall be paid into the common school fund of the county in which conviction is had."

It will be noticed that the section quoted indicates that the dental law may be violated (1) by practicing dentistry in any manner whatever without first having recorded the certificate; (2) by doing any act of dentistry for reward or hire. The defendant is indicted for violating the first subdivision or clause of the section, and as to that it is not prescribed that he shall have practiced for reward or hire to render him amenable to its provisions. As to the other objection, that the acts of dentistry are not set forth in the indictment, it is sufficient to say, as we have said frequently, that, the crime being a creature of the statute, it is sufficient to describe it in the language of the statute. *State* v. *Carr*, 6 Or. 133; *State* v. *Miller*, 54 Or. 381 (103 Pac. 519).

2, 3. It is claimed that Section 4780, L. O. L., is unconstitutional, in that it requires any person practicing dentistry to have his certificate recorded in any county in which he shall practice, thereby, it is urged, discriminating between resident and nonresident dentists. There is no such discrimination. The law applies to all dentists, and is a reasonable police regulation intended to protect the public against quacks, and is not in policy different from laws that require peddlers, venders of liquor, and persons engaged in various occupations to secure licenses in every county in which they do business. The nonresident dentist practicing in Coos County is required to

record his certificate, and the resident dentist is required to do the same. A resident of Multnomah County purchasing land in Coos County is required to have his deed recorded in Coos County, for the obvious reason that to record it in the county where he resides would not give notice of the transfer to the public in Coos County, where the land is situated. A dentist residing in Multnomah County, if he intends practicing his art in Coos County, is required to record his certificate in that county for the same reason, namely, that the people of that county may have notice of his qualifications. The requirement is not burdensome, and no qualified person would hesitate to comply with it.

The judgment is affirmed.                    AFFIRMED.