Argued March 5, reversed March 30, 1915.

## BRAWAND *v.* HOME INSTALLMENT CO.

(147 Pac. 391.)

**Appeal and Error—Right to Appeal—Withdrawal of Money from Registry.**

1. Where it was conceded by defendant that plaintiff was entitled to at least a certain amount, the plaintiff could, with propriety, take that amount from the registry of the court into which it had been paid, and still appeal.

**Money Received—Action—Sufficiency of Evidence.**

2. Evidence, in an action for money received, which defendant refused to pay over on due demand, *held* insufficient to support judgment for plaintiff.

From Multnomah: HENRY E. McGINN, Judge.

Department 1. Statement by MR. JUSTICE BURNETT.

The plaintiffs, Gottfried Brawand and Claude Bundy, commenced an action in the District Court of Multnomah County against the Home Installment Company, a corporation, on a complaint which alleges:

"That on or about September 3, 1913, the above-named corporation, defendant in this action, received from Adolph Widmer at their office 401 McKay Building, and to and for the use of the plaintiff, the sum of $158.78.   That although due demand has been made the above-named defendant refused to deliver same, or any part thereof."

The defendant admits that it received the amount of money named from Widmer on a note left with it for collection, the proceeds of which were to be paid to the plaintiff Bundy, and denies every other matter in the complaint.   It alleges, in substance, that Bundy had given a note to one Howland for $32.94, which they together left with the defendant, with directions to pay the same to Howland out of the proceeds of the Widmer note; that in pursuance of such instructions the defendant collected the $158.78 already mentioned, and after deducting therefrom the amount of the Bundy note, in all $33.65, tendered to him the remainder of the collection, $125.13, which he refused. Thus far the new matter in the answer is denied by the reply, except that the proceeds of the Widmer note were to be paid to Bundy.   The answer further contains allegations to the effect that Howland had recovered a judgment against Bundy in the District Court for $6.25 upon which execution was issued, and by virtue of garnishment process served on the defendant it had paid thereon $7 out of the funds belonging to the plaintiffs, and the defendant now brings the balance of said fund, $118.13, into court and deposits the same for the plaintiffs.   The payment of the $7 on execution and the deposit in court are admitted by the reply.   The District Court gave judgment for the plaintiffs for the amount of the tender, $118.13, and for the defendant for its costs and disbursements taxed at

$10.10. The plaintiffs then appealed to the Circuit Court, but pending the appeal accepted and withdrew the money tendered. The Circuit Court overruled a motion to dismiss the appeal which assigned as a reason that the plaintiffs could not accept the tendered benefits of the original judgment and at the same time appeal therefrom. At a hearing before the Circuit Court without a jury the judge made findings of fact which are an exact transcript of the complaint, and gave judgment for the plaintiffs for the full sum of $158.78, with interest at 6 per cent per annum from the date of the judgment, together with costs and disbursements. The defendant submitted findings of fact and conclusions of law embodying its theory of the case, but they were rejected. From the judgment of the Circuit Court the defendant appeals. REVERSED.

For appellant there was a brief over the names of *Mr. B. J. Howland* and *Mr. W. L. Cooper,* with an oral argument by *Mr. Howland.*

For respondent there was a brief and an oral argument by *Mr. Julius N. Hart.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. The motion to dismiss the appeal was properly overruled by the Circuit Court. It was conceded by defendant that the plaintiffs were entitled to at least $118.13. There was no issue on that subject; hence the plaintiffs could, with propriety, take that amount from the registry of the court and still appeal: *Portland Construction Co.* v. *O'Neil,* 24 Or. 54 (32 Pac. 764); *State* v. *Wells, Fargo Co.,* 64 Or. 421 (126 Pac. 611, 130 Pac. 983).

2. The question presented by the record is whether or not there is any testimony to justify the findings, they being tantamount to a verdict. The issue made by the answer and reply consists in the affirmance by the defendant and the denial by the plaintiffs that Bundy directed the defendant to pay the note of $32.94 to Howland out of the proceeds of the Widmer note. No question appears in the pleadings about the execution of the note by Bundy to Howland. The plaintiffs directed all their evidence about that instrument to the circumstances under which it was made. The plaintiff Bundy expressly admitted signing it. The substance of his testimony is that Howland was an agent for a life insurance company, and solicited him to make an application for insurance, the initial premium for which would be $32.94; that, yielding to Howland's persuasions, he gave the note to the latter, made application for the insurance, and afterward changed his mind and refused to be examined or go further with the proposition. Another witness testified that he afterward saw the note in the possession of Bundy, the maker. With this the plaintiffs rested. The defendant produced as witnesses, B. J. Howland and his brother, S. P. Howland, the latter being secretary of the defendant corporation. The former testified that the plaintiff Bundy applied to him as agent of the insurance company for life insurance, and that he advanced to Bundy on his request the money named in the note, sent it with the application to the home office of the company, and obtained a receipt therefor, which is in evidence. Both the Howlands testified that Bundy agreed that the note for the premium should be paid out of the proceeds of the Widmer note, which the defendant then held for collection, and that afterward

75 Or.—31

when the collection was accomplished the defendant paid to Howland, the holder of the note, the principal and interest due thereon, and tendered the balance to Bundy, who refused the same, but took the note when delivered to him by the defendant. There is no testimony whatever controverting the sworn declarations of the Howlands on this subject. The sum and substance of the showing for the plaintiff is that he gave the note with the application for the insurance, and that afterward he repented that he had done so. The undisputed evidence for the defendant is that B. J. Howland advanced the money and forwarded it to the company, having taken Bundy's note for the same, and that the latter agreed that it should be repaid out of the proceeds of the collection. This is not contradicted by any testimony on behalf of the plaintiffs. The plaintiff Bundy does not pretend that any fraud was exerted upon him to procure his signature to the note, or that the money was not sent at his request. He plainly understood the nature of the transaction, and seeks to overturn it without alleging anything to impeach the note.

On the issue raised by the pleadings of whether or not the plaintiffs directed the payment of the note out of the proceeds of the collection, the only testimony in the record is favorable to the contention of the defendant. The court, however, made findings and rendered judgment for the full amount claimed, without even deducting the balance tendered and taken from the custody of the court by the plaintiffs. There is no evidence to support such a judgment.

Much was said in the argument about the harsh language of the judge in characterization of the defend-

ant's case, but we are not called upon to deal with the reasoning of the court, but with the result only.

The judgment is reversed.        Reversed.

Mr. Chief Justice Moore, Mr. Justice McBride and Mr. Justice Benson concur.