### KANE v. ROXY THEATRES CORPORATION.

### CONTINENTAL BANK & TRUST CO. OF NEW YORK v. ROXY THEATRES CORPORATION et al.

### In re NEW YORK EDISON CO.
#### No. 279.

Circuit Court of Appeals, Second Circuit.
March 13, 1933.

atre Corporation on May 18, 1932, and as such receiver operated the defendant's theaters up to and including June 30, 1932. Subsequent to his appointment, the Continental Bank & Trust Company, as successor trustee under a mortgage made by Roxy Theatre Corporation, filed a bill to foreclose the mortgage. By order entered June 28, 1932, the two suits were consolidated "without prejudice to the substantive rights of any of the parties to either constituent cause," and the receivership was extended to the foreclosure proceeding; Kosch being directed to close his books as of midnight on June 30th, and to hold all rents and profits thereafter accruing for the benefit of the foreclosure plaintiff and the bondholders secured by said mortgage. For electric current supplied to Kosch as creditors' receiver prior to June 30th, he was indebted to the New York Edison Company to the amount of nearly $5,000, and, when he applied as receiver in foreclosure for a continuation of the service, the Edison Company threatened to discontinue unless the prior bill was paid. Pursuant to a stipulation that continuation of the service should be without prejudice and that the controversy should be submitted to the District Court, the Edison Company filed its petition asking leave to shut off its service or, in the alternative, that the receiver be ordered to pay the balance due. The District Court denied the alternative prayer because the receiver had no funds resulting from his operations prior to June 30th, although he did have funds obtained subsequent to that date by the issuance of receiver's certificates; but it authorized the Edison Company to discontinue service after ten days unless in the meantime the receiver should pay its bill. From the latter part of this order the receiver and the mortgage trustee have appealed.

Wise, Shepard & Houghton, of New York City, for appellant trustee.

Proskauer, Rose & Paskus, of New York City, for appellant receiver.

G. Baker Schroeder and Alfred L. Rose, both of New York City (Carlos L. Israels, of New York City, of counsel), for appellants.

Beardsley & Taylor, of New York City (Thomas H. Beardsley, of New York City, of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

Upon a creditors' bill in equity Harry G. Kosch was appointed receiver of Roxy The-

■ Upon the argument some doubt was expressed from the bench concerning the jurisdiction of the District Court to make the order appealed from. Further consideration has allayed it. In so far as the Edison Company prayed that the receiver be ordered to pay its bill, jurisdiction is clear. In so far as it prayed leave to shut off and discontinue its service, we understand that it was asking permission to enter upon the premises, disconnect the service wires, and remove the meters and other appliances belonging to it—all of which by the terms of its contract with the receiver it had reserved the right to do in case its bills remained unpaid. Such an entry would be an interference with the receiver's possession, and hence

jurisdiction of the court in respect to this part of the petition is equally clear.

■ The merits of the controversy turn upon the proper interpretation of sections 12 and 15 of the N. Y. Transportation Corporations Law (Consol. Laws, c. 63). Section 12 provides that an electric corporation must supply electricity upon the written application of "the owner or occupant" of a building, "and payment by him of all money due from him to the corporation, * * * notwithstanding there be rent or compensation in arrears * * * for electricity supplied * * * to a former occupant thereof." Section 15 provides that "if any person supplied with * * * electric light by any such corporation shall neglect or refuse to pay the rent or remuneration due for the same, * * * such corporation may discontinue the supply of * * * electric light to the premises of such person." The dispute is whether the extension of the receivership to the foreclosure suit created a change in the "occupant" of the premises, or in the "person supplied," within the meaning of the foregoing sections of the state statute. The District Court thought not, saying that the possession remained that of the court throughout.

While it is broadly true that the possession of a receiver is that of the court, this generality must not conceal the fact that it is often necessary to consider for whose benefit and in whose right the receiver is put in possession. The foreclosure bill was a suit independent of that of the creditors' bill; and consolidation was a mere matter of convenience without effect upon substantive rights. To speak of "extending" the receivership is somewhat misleading. What really was done by the order of June 28th was to give the mortgagee as lienor possession of the premises through the court's officer, who was directed to hold rents and profits thereafter accruing for the benefit of the trustee and bondholders under the mortgage. Had the original receiver been displaced and a new one substituted, it would hardly be doubted that the latter would be another "person" under section 15, and a different "occupant" under section 12. Yet the legal effect is substantially the same, when the former receiver is continued and the receivership extended, as if another person had been appointed. High, Receivers (3d Ed.) § 688; Howell v. Ripley, 10 Paige (N. Y.) 43, 48. The expense of operation by a creditors' receiver, or a receiver for a junior incumbrance, cannot be made a lien superior to that of the prior mortgagee who has not acquiesced. See American Engineering. Co. v. Metropolitan By-Products Co., Inc., 275 F. 34 (C. C. A. 2). By analogy it would seem that the expenses incurred by a creditors' receiver should not impair the possession which the mortgagee is entitled to take through a foreclosure receiver, nor burden it with debts created for the benefit of junior interests. In Title Guarantee & Trust Co. v. 457 Schenectady Ave., Inc., 260 N. Y. 119, 183 N. E. 198, it was held that a water company was not privileged to shut off service from premises in possession of a foreclosure receiver unless the latter would pay water bills incurred by the mortgagor. That is, the receiver under the mortgage was treated as a different "occupant" from the mortgagor. We think that case determinative of the present controversy. There is equal reason to treat the foreclosure receiver as a different occupant from the creditors' receiver. His claim to possession as lienor is as hostile to the prior possession of the creditors' receiver as it was to the prior possession of the mortgagor in the case above cited. Accordingly the court should have held that the statute gave the Edison Company no right to enter upon the premises in possession of the foreclosure receiver, and should have denied its petition in toto. However, an order might be entered, if necessary, enjoining the Edison Company from entering the premises to shut off its current.

■ The appellee urges that, by virtue of the stipulation already mentioned, the controversy was submitted for final determination by the District Court and right of appeal was waived. As to the appellant trustee, the contention is plainly unfounded, for it was not a party to the stipulation, nor does it appear that the attorneys who signed on behalf of the bondholders' committee represented all of the bondholders, if it be assumed that a stipulation on behalf of all the bondholders would bind the mortgage trustee. We think the contention is also unfounded as to the receiver. An intention to waive right of appeal must clearly appear by the terms of the stipulation. See State v. Wells Fargo & Co., 64 Or. 421, 126 P. 611, 612, 130 P. 983; Guardianship of Abel, 147 Wis. 467, 133 N. W. 583, 586. In our opinion the stipulation at bar does not meet that requirement—a conclusion strengthened by the fact that no waiver of appeal was secured from another party in interest, the mortgage trustee.

Order reversed.