Submitted on briefs January 21; affirmed May 20, 1930

GOFF *v.* ELDE ET AL.

(288 P. 212)

*Emmons, Lusk & Bynon* of Portland for appellants.

*B. A. Green* of Portland for respondent.

COSHOW, C. J. ▐ The amendment to plaintiff's complaint was permitted in order to conform the complaint to the evidence received. Such amendments are liberally allowed and the trial court's ruling is largely discretionary. This court will not interfere with the trial court's ruling unless there is a clear abuse of discretion. No question is raised about the materiality of the amendment. Defendants do not complain that they were surprised. The purpose of the amendment and the evidence was to show that the legal rate of speed approaching the intersection where the collision occurred was 15 miles per hour.

"(3) Fifteen miles an hour when approaching within fifty feet and in traversing an intersection of highways when the driver's view is obstructed. A driver's view shall be deemed to be obstructed when at any time during the last fifty feet of his approach to such intersection, he does not have a clear and uninterrupted view of such intersection and of the traffic upon all of the highways entering such intersection for a distance of 200 feet from such intersection." General Laws of Oregon, 1927, chap. 217, § 1, subd. 16(3).

The court did not abuse its discretion in allowing the amendment. It was germane to the issues as framed by the pleadings and no showing is made that defendants were put to disadvantage in any degree by allowing the amendment. Such amendments should be liberally allowed in the promotion of justice. It logically follows since the amendment was permissible that the admission of the testimony, assigned as error No. 1, and the instruction given, assigned error No. 3, were not erroneous.

▐▐ Defendants were not entitled to the instruction requested, which is the basis of assignment of error No. 4. The true measure of damages where an auto-

mobile has been damaged by the negligence of another is the difference in the value of the automobile just before the accident and immediately thereafter.

"The measure of damages for an injury to personal property which has not been entirely destroyed is the difference between its value at the place immediately before and immediately after the injury"; 17 C. J. 877, § 183.

Evidence was given of the value of plaintiff's automobile just before and immediately after the collision. There was also evidence of the cost of the repairs. Cost of repairs, however, may constitute but one element of damage. Loss of use of the automobile may be an item of damage. The car may not be repaired so as to make it as good as it was before the injury. The repairs may even make the auto better. In any event defendants were not entitled to the requested instruction. No exception was taken or is any error assigned on the part of the instruction given by the learned judge who presided at the trial covering that phase of the case. Assigned error No. 4 is not well taken.

The judgment is affirmed.