Argued July 8, affirmed November 8, 1977

EDWARDS et ux, *Respondents,*
*v.*
TALENT IRRIGATION DISTRICT, *Appellant.*
(No. 75 2662 E 3, SC 24740)
570 P2d 1169

Patrick Ford, of Ford & Cowling, Medford, argued the cause and filed briefs for appellant.

Donald M. Pinnock, of Davis, Ainsworth & Pinnock, Ashland, argued the cause for respondents. With them on the brief was Jack Davis, Ashland.

Before Denecke, Chief Justice, and Holman, Howell, Bryson, Lent and Linde, Justices.

DENECKE, C. J.

## DENECKE, C. J.

Plaintiffs filed this action in both trespass and negligence asserting that they had suffered damage as a result of the entry of water onto their property caused by defendant's irrigation ditch. The jury returned a verdict in favor of plaintiffs on the negligence issues only. Plaintiffs recovered general damages for mental anguish and special damages. Defendant appealed.

Defendant asserts that the trial court erred in refusing to strike plaintiffs' claim for damages for mental anguish. Defendant's position upon appeal is that recovery for mental anguish cannot be had in a negligence action without accompanying physical injury, or at least some physical impact. This may be a correct statement of the general rules involving recovery for negligent infliction of emotional distress, standing alone.[1] However, plaintiffs in this case do not base their claim solely upon the infliction of mental anguish. The damages shown at trial by plaintiffs included expenses incurred to drain excess water from their property, malfunctioning of plaintiffs' sewage facilities, death of fruit trees, and garden failure, as well as mental anguish.

The damages proven by plaintiffs clearly indicate that defendant's negligence has interfered with plaintiffs' interest in the use and enjoyment of their land. In *Macca v. Gen. Telephone Co. of N. W.,* 262 Or 414, 418, 495 P2d 1193 (1972),[2] we held that damages for

---

[1] The restrictions on recovery of mental anguish in negligence cases involving only emotional distress apparently were imposed primarily to prevent spurious claims. *See* Prosser, Law of Tort, 327-328 (4th ed 1971).

[2] Defendant purports to distinguish *Macca* on the basis that plaintiffs in this case did not claim that defendant's activities constituted a nuisance. But plaintiff in *Macca* also filed a complaint alleging only negligence. 262 Or at 418. In discussing the relationship between nuisance and negligence we have accepted the analysis of the Restatement of Torts. *Phillips Ranch, Inc. v. Banta,* 273 Or 784, 790, 543 P2d 1035 (1976). That relationship is described therein as follows:

"Private nuisance is a field of tort liability. It is not a single type of tortious conduct * * *.

mental anguish are recoverable in a negligence action when they are a result of defendant's interference with the use and enjoyment of plaintiffs' land. 262 Or at 419-420, and cases cited at 420, n 1. This also appears to be the rule in most jurisdictions that have considered the issue. Cases collected at Annotation, 28 ALR2d 1075, 1087 (1953).[3]

The testimony in this case clearly reveals that the mental anguish for which plaintiffs recovered was the direct result of their concern for the damage to their property caused by defendant's negligence and their attempts to minimize that damage. They were anguished over the loss of the use of their laundry and bath facilities and the necessity of spending hours attempting to drain their land, and for other concerns caused by the entry of the water. We see no reason why defendants should not fully compensate plaintiffs for their injuries. The trial court did not err in refusing to strike plaintiffs' claim for damages for mental anguish.[4]

Defendant alleges as a second assignment of error the failure of the trial court to require a separate

---

"Failure to recognize that private nuisance has reference to the interest invaded and not to the type of conduct which subjects the actor to liability has been a fertile cause of confusion. Thus, in respect to an interference with the use and enjoyment of land, attempts are made to distinguish between private nuisance and negligence, overlooking the fact that private nuisance has reference to the interest invaded and negligence to the conduct that subjects the actor to liability for the invasion." 4 Restatement 220-221, Torts, Scope and Introductory Note to Chapter 40.

[3] *See, also,* Annotation, 142 ALR 1307 (1943).

[4] Although we hold in this case that emotional distress damages may be recovered in an action for nuisance, we emphasize that our holding is limited to this particular species of case. The law involving recovery for emotional distress generally is confused and perhaps in need of rethinking by the courts. We have concluded, however, that this case does not provide a proper vehicle for reconsideration of the rules governing recovery for this type of injury.

statement of the plaintiffs' claims for mental anguish. Defendant cites ORS 16.090 which provides as follows:

> "When any pleading contains more than one cause of action or defense, not pleaded separately, such pleading may, on motion of the adverse party, be stricken out of the case."

Even if we assume that plaintiffs' joinder of their causes of action was improper, defendant has failed to point out any prejudice resulting from the trial court's failure to require a separate statement. Nor can we determine that defendant has suffered any prejudice. Defendant contends that it is impossible to determine the amount of damages awarded to each plaintiff individually. But apportionment of the damages should not concern defendant since it can satisfy its obligation by paying plaintiffs jointly. Absent prejudice, the failure of the trial court to grant defendant's motion to strike does not constitute reversible error. *McGrath v. White Motor Corp.,* 258 Or 583, 590-591, 484 P2d 838 (1971); ORS 16.660.

Affirmed.