Argued and submitted March 23, judgment modified April 13, 1983

# PARKHURST et al,
*Appellants,*
*v.*
# FAESSLER,
*Defendant,*
# MICHAEL et al,
*Respondents.*

(130,608; CA A25733)

661 P2d 571

J. Michael Alexander, Salem, argued the cause for appellants. With him on the briefs was Brown, Burt, Swanson, Lathen, Alexander & McCann, Salem.

Helen L. Mazur-Hart, certified law student, Salem, argued the cause for respondents. On the brief were Edward L. Clark, Jr., and Clark, Marsh, Lindauer, McClinton & Vollmar, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

This is a case which presents to us for the first time the question of what must be included in a party's pleadings to entitle that party to an award of attorney fees under ORCP 68C(2). Plaintiffs brought this action to foreclose a mortgage given by defendant Faessler (Faessler) on property he claimed to own. Defendants Michael (defendants) were impleaded because, according to plaintiffs' complaint, they "claim an interest" in the property. Defendants filed an answer asserting, *inter alia,* that they were the true owners of the property and that the recorded deed under which Faessler purported to hold title was a forgery. They asked that plaintiffs' complaint against them be dismissed and that they be awarded a reasonable attorney fee. Defendants then moved for summary judgment. The trial court granted them summary judgment and awarded them an attorney fee.[1] Plaintiffs appeal only the award of the attorney fee. We reverse.

■ The parties agree that any award of attorney fees in this case must be pursuant to ORCP 68C(2):

> "A party seeking attorney fees *shall assert* the right to recover such fees by *alleging the facts, statute, or rule which provides a basis for the award* of such fees in a *pleading* filed by that party. A party shall not be required to allege a right to a specific amount of attorney fees; an allegation that a party is entitled to 'reasonable attorney fees' is sufficient. If a party does not file a pleading and seeks judgment or dismissal by motion, a right to attorney fees shall be asserted by a demand for attorney fees in such motion, in *substantially similar form to the allegations required by this subsection.* Such allegation shall be taken as substantially denied and no responsive pleading shall be necessary. Attorney fees may be sought before the substantive right to recover such fees accrues. *No attorney fees shall be awarded unless a right to recover such fee is asserted as provided in this subsection.* (Emphasis supplied.)

The parties also agree that the rule is to be read in the disjunctive; *i.e.,* it is complied with if a party's pleadings ask for attorney fees and assert as a justification *either*

---

[1] The court awarded plaintiffs a default judgment against Faessler.

"facts" (such as a contract with a reciprocal attorney fee provision), "statute" (such as ORS 20.096(1), providing for award of attorney fees to either party where underlying contract authorizes award to only one party) or "rule." Plaintiffs urge that defendants are not entitled to an award in this case because

> "[d]efendants never alleged any 'facts, statute or rule' providing a basis for the award of fees. Therefore the award made by the trial judge was in error."

We agree.

■ We note, first, that we concur with the parties' mutual construction of the rule: it is enough that the claim to attorney fees cite facts *or* a statute *or* a rule justifying the award. We think it equally clear, however, that the party claiming a fee must allege the basis for the award *in its pleadings.* This is the plain and ordinary meaning of the directory language of the rule that a party seeking fees "shall assert * * * by alleging * * *." We now turn to a determination of whether defendants did that.

■ The facts alleged in defendants' pleadings do not identify any *factual* basis for claiming fees. Defendants argue that they alleged the necessary facts

> "* * * by alleging that Defendants never transferred their property or executed a document allowing that transfer * * *."

We fail to see how this meets the requirement of the rule.

■ Defendants next urge that their right to attorney fees may be discerned from the *plaintiffs'* pleadings, either as a matter of fact or a matter of statute. They argue:

> "Furthermore, Plaintiffs' own complaint stated that Plaintiffs were entitled to attorney fees by provision of the mortgage. Pursuant to ORS 20.096, by operation of law the same mortgage provision entitled Defendants Michaels to attorney fees. ORS 20.096(1) states:
>
>> 'In any action or suit on a contract, where such contract specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the prevailing party, whether that party is the party specified in the contract or not, at trial or on appeal, shall be entitled to

reasonable attorney fees in addition to costs and disbursements.'

"Moreover, it was not necessary for Defendants to specifically cite ORS 20.096 because that common statute could be judicially noticed by the court. ORS 40.090 (Oregon Evidence Code Rule 202) defines judicial notice as:

'(1) The decisional, constitutional and public statutory law of Oregon, the United States and any state, territory or other jurisdiction of the United States.'

"Defendants' request for attorney fees in their answer was sufficient for the court to take judicial notice of the right to attorney fees pursuant to ORS 20.096(1). The Defendants did not need to specifically cite the statute."

This argument—which combines "fact" and "statute" theories—fails. Its first difficulty, of course, is that these defendants were not parties to the mortgage, so they can hardly claim the benefit of its terms.[2] That aside, the only thing alleged as fact—that plaintiffs had pleaded a mortgage as the basis of their entitlement, proves nothing as to what that document may have said about any *other* party's right to attorney fees. Assuming (without deciding) that a party can comply with ORCP 68C(2) by relying solely on the factual allegations in another party's pleadings, the other party's pleadings in this case do not perform that function.

■ Defendants' reliance on judicial notice under ORS 20.096(1) is also misplaced. If the judicial notice statute applied to these cases, the word "statute" in ORCP 68C(2) would be meaningless, because any statute to which the rule could refer would also be subject to judicial notice under OEC Rule 202. We can only give meaning to all the provisions of ORCP 68C(2) by rejecting this argument, and we do.

Finally, defendants argue that the trial court's ruling complied with the direction of ORCP 1B "* * * to secure the just, speedy, and inexpensive determination of every action." Whether it did so or not, the court's award failed to comply with the more specific requirements of ORCP 68C(2). *See* ORS 174.020.

---

[2] *But see Golden West Insulation v. Stardust Investment Co.,* 47 Or App 493, 615 P2d 1048 (1980).

Judgment in favor of respondents and against plaintiffs for attorney fees is modified by deleting the award of attorney fees. *See* Or Const, Art VII (Amended), § 3.