Argued and submitted December 5, 1984, reversed February 27, reconsideration denied April 19, petition for review allowed May 7, 1985 (299 Or 154)
See 300 Or 39, 706 P2d 921 (1985)

STATE ex rel ADULT AND FAMILY SERVICES
DIVISION,
*Appellant,*

*v.*

FULOP,
*Respondent.*

(D8204-68360; CA A31740 (Control))
STATE ex rel ADULT AND FAMILY SERVICES
DIVISION,
*Appellant,*

*v.*

CUBIC,
*Respondent.*

(D8301-60009; CA A32166)
(Cases Consolidated)

695 P2d 979

Robert M. Atkinson, Assistant Attorney General, Salem, argued the cause for appellants. With him on the briefs were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Lawrence D. Gorin, Portland, argued the cause for respondent Fulop. With him on the brief was Keller, Gottlier & Gorin, Portland.

No appearance for respondent Cubic.

Before Joseph, Chief Judge, and Warren and Rossman, Judges.

PER CURIAM

Rossman, J., dissenting.

**PER CURIAM**

In these paternity cases, Adult and Family Services appeals the allowance of attorney fees to respondents. We reverse. *Parkhurst v. Faessler,* 62 Or App 539, 661 P2d 571 (1983); *Diamond Claims & Inves., Inc. v. Grensky,* 68 Or App 446, 681 P2d 802 (1984). The dissent acknowledges that respondents failed to comply with the specific requirement of ORCP 68C(2) but argues that we should disregard that failure, because there was no prejudice. The relevant language of ORCP 68C(2) provides:

> "A party seeking attorney fees *shall* assert the right to recover such fees by alleging the facts, statute, or rule which provides a basis for the award of such fees in a pleading filed by that party. * * * *No attorney fees shall be awarded unless a right to recover such fee is asserted as provided in this subsection.*" (Emphasis supplied.)

ORS 174.020 provides:

> "In the construction of a statute the intention of the legislature is to be pursued if possible; and *when a general and particular provision are inconsistent, the latter is paramount to the former.* So a particular intent shall control a general one that is inconsistent with it." (Emphasis supplied.)

The particular language of ORCP 68C(2) forecloses respondents' argument, adopted by the dissent, that we may look to the general provisions of ORCP 12B and disregard their failure to comply with the specific requirements applicable to a claim for attorney fees because of the lack of prejudice.

Reversed.

**ROSSMAN, J.,** dissenting.

It is neither legally right nor is it fair that these respondents should be deprived of their attorney fees.

We are dealing with two filiation cases, which have been consolidated for appeal. Respondents successfully defended charges of paternity. Both asked for attorney fees in their answers and received them from the trial court. It is undisputed that both were entitled, as a substantive matter, to the awards. However, the state claims that the right to recover attorney fees was pleaded improperly, in that no statute providing a basis for such fees was alleged, as required by

ORCP 68C(2). The majority agrees, reversing without any reasoned discussion, citing *Parkhurst v. Faessler,* 62 Or App 539, 661 P2d 571 (1983), and *Diamond Claims & Inves., Inc. v. Grensky,* 68 Or App 446, 681 P2d 802 (1984). In so doing, it unfortunately has erected a tower of form while ignoring the real substance of these cases. Because the defects in respondents' pleadings were merely technical, at most, and did not result in any prejudice to the state, I dissent.

The facts and issues in these two cases are virtually identical. Thus, for simplicity's sake, I will discuss *State ex rel AFSD v. Fulop* only. After initiation of this filiation proceeding, respondent filed an answer which denied every allegation in the complaint and requested attorney fees in the following manner:

> "Defendant should be granted judgment against plaintiff on account of his reasonable attorney fees and actual costs and disbursements incurred herein."

Respondent prevailed and attorney fees were awarded over the state's objection.

ORCP 68C(2) provides that:

> "A party seeking attorney fees shall assert the right to recover such fees by alleging the facts, *statute,* or rule which provides a basis for the award of such fees in a pleading filed by that party. * * * No attorney fees shall be awarded unless a right to recover such fee is asserted as provided in this subsection." (Emphasis supplied.)

There is no question that respondent has failed to comply with this rule. He did not cite ORS 109.155(4), the statute under which he was claiming attorney fees. However, because the pleading error is of such a trifling and picky nature, I believe that it should be disregarded as being harmless.

The true purpose served by pleadings and pleading rules is to notify the other party and the court of the issues involved in the case. That was accomplished here. The state concedes that, on receiving respondent's answer, it not only realized that he had failed to allege a basis for attorney fees, but that it knew which statute he should have cited. In addition, the trial judge specifically found:

> "Respondent's Answer asserted and alleged a claim for attorney fees in a manner sufficient to put petitioner on notice

thereof. Any error or defect in respondent's Answer with respect to respondent's claim for attorney fees did not cause any prejudice to petitioner nor affect any substantial right of petitioner."

I appreciate the majority's position that rules are rules. However, ORCP 12B, another "rule," specifically provides that, at every stage of a proceeding, the court shall "disregard *any* error or defect in the pleadings" (emphasis supplied) so long as the rights of the parties are not prejudiced. *See Edwards v. Talent Irrigation District,* 280 Or 307, 570 P2d 1169 (1977). It is difficult to imagine a more specific statutory direction than this. It relates to every type of pleading defect. There is no reason that defects under ORCP 68C(2) should be exempt.

Clearly, then, the key to this case is the issue of prejudice. I fail to see where or how the state was hurt in this case. It lamely argues that it was prejudiced, because it relied on respondent's defective pleading. It says that a decision to pursue a filiation case is affected by the potential costs and benefits inherent in each particular case. If a case looks to be too expensive, it might well be dropped. The state suggests that it pursued this case, in part, because it believed respondent had blown his chance for attorney fees, so the financial risks were relatively small. I find that argument rather unpersuasive. In the first place, it seems strange that the state would wait to do its cost/benefit analysis until the case was already filed. Moreover, under ORCP 23, respondent could have amended his pleadings to allege the proper statute, even after judgment. Therefore, the alleged reliance and resulting prejudice seems quite unlikely. Accordingly, I believe that this court should invoke Rule 12B and disregard respondent's technical mistake, especially when not to do so rewards a party for using the uncommendable pleading tactic of laying in wait.

This case is not, as the majority contends, controlled by *Parkhurst v. Faessler, supra.* In *Parkhurst,* the defendants argued unsuccessfully that they had complied with ORCP 68C(2), whereas in this case respondent readily admits that he did not comply with the rule. He simply contends that his mistake should be ignored under ORCP 12B, because it was harmless.

This case is analogous to *Cascade Warehouse v. Dyer,* 256 Or 377, 471 P2d 775, 474 P2d 325 (1970), which was decided under ORCP 16.660, the predecessor to ORCP 12B. In that case, it was argued that the issue of apparent authority had not been sufficiently raised by the pleadings. Under the circumstances of that case, the Supreme Court did not seem rattled over whether that issue had been properly pleaded:

"* * * Whether or not the pleadings sufficiently framed the issue of apparent authority, the conduct of the case reveals that both parties recognized it is the major issue in question. Accordingly, defendant was not prejudiced."

The case of *Lake Oswego Review v. Steinkamp,* 298 Or 607, 695 P2d 565 (1985), is informative as to the Supreme Court's current views regarding substance as opposed to form. In that case, the trial court set aside a default judgment against the defendant, because the plaintiff had not precisely followed ORCP 7 in serving the defendant with his summons. The plaintiff had served the defendant, an individual, by mail, even though ORCP 7 specifically provides for such service only in motor vehicle cases and on corporations. The Supreme Court rejected the mechanical approach of strict compliance and ruled that the service was valid, because it gave the defendant actual notice of the case pending against him.

The state's attack is based solely on a technical error found within the form of respondent's answer, an error which caused no prejudice to the state and which has nothing to do with the substance or merits of the claim for attorney fees. Our duty to disregard that error is clear.