Argued and submitted November 26, 1990, affirmed June 19, 1991

In the Matter of the Marriage of

Lynn Allan SCOTT,
*Appellant,*
*and*

Yvonne Lee SCOTT,
nka Yvonne Lee Law,
*Respondent.*

STATE ex rel Yvonne Lee LAW,
fka Yvonne Lee Scott,
*Respondent,*

*v.*

Lynn Allan SCOTT,
*Appellant.*

(D84-1762; CA A63292)

813 P2d 1096

David Gernant, Portland, argued the cause and filed the brief for appellant.

Paul G. Dodds, Portland, argued the cause for respondent. With him on the brief were Brownstein, Rask, Sweeney, Kerr, Grim & DeSylvia, Portland and Douglas M. Bamarito, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Husband appeals from an "order and judgment" that modified a 1986 dissolution judgment, held him in contempt and awarded wife attorney fees. He assigns error only to the attorney fees award. We affirm.

The dissolution judgment required husband to pay child support, spousal support and expenses related to their former residence. In 1988, husband filed a motion to modify the judgment. In response, wife filed a civil contempt motion, asserting that husband had failed to pay child support, spousal support and expenses related to the residence. She also asked for attorney fees. The court held consolidated hearings and entered the order and judgment. It found:

"4. *Contempt:* [Husband] has wilfully failed to pay the support required for [the child in wife's custody] and the mortgage payments, since [wife's] remarriage. He also has wilfully failed to maintain the property taxes and insurance. The court finds this conduct to be purposefully in noncompliance with the terms of the [dissolution judgment].

"5. *Attorney Fees:* The court has concluded that this is a case where an award of attorney fees is warranted and that award should be to [wife]."

The judgment provided:

"2. [Husband] is found to be in contempt of Court pursuant to 'Finding of Fact No. 4' above. [Husband] may purge this contempt judgment by bringing the obligation as listed in No. 4 above current within 120 days of September 15, 1989. If [husband] fails to do so, [wife] will have a judgment against [husband] in the amount of * * * $12,592.84 * * *.

"* * * * *

"4. [Wife] shall also have a judgment against [husband] in the amount of $5,500.00, as and for [husband's] contribution toward [wife's] attorney fees and costs incurred in this matter."

■    Husband argues:

"Because no judgment of contempt was ever entered, we could not appeal from such a judgment. Accordingly, while there is nothing to reverse as to the purported 'contempt'

(unless this court may reverse the 'finding' without a judgment), the failure to enter a judgment of contempt — together with the lack of authority to do so — furnishes ample reason at least to reverse the judgment of attorney fees.''

Husband makes three arguments to support his assertion. First, he contends that the order and judgment do not cite a statutory basis for contempt and, therefore, the "finding" of contempt was unauthorized. In *Connelly and Connelly,* 90 Or App 484, 488, 752 P2d 1258 (1988), we explained that the requirement of specificity in a contempt judgment is to aid our review. It has little to do with the authority of the court to enter a contempt judgment. Here, because husband does not challenge the procedure leading to the contempt judgment, the lack of a statutory citation does not impede our review. In any event, the lack of specificity does not mean that the judgment is unauthorized.

■     Although husband does not challenge the substance of the finding that he was in contempt, he contends that the judgment is also unauthorized because we cannot discern if this is a civil or criminal contempt proceeding. The judgment states that husband could purge the contempt by complying with the dissolution judgment within 120 days and does not impose a punishment for failure to comply. It is clearly a civil contempt judgment.[1] ORS 33.010(1)(e); *see State v. Thompson,* 294 Or 528, 531, 659 P2d 383 (1983).

■     Finally, husband contends that the court did not enter a judgment of contempt but entered a money judgment. He is wrong. There is a contempt judgment. If he does not purge it, then a money judgment will be entered.

■     ORS 107.445 authorizes the court to award attorney fees "in any contempt proceeding brought to compel compliance with any order or decree in any suit for marital * * * dissolution.'' There was a contempt judgment, and the court had authority to award attorney fees. Husband does not challenge the amount awarded.

Affirmed. Costs to wife.

---

[1] Wife's motion to show cause specified civil contempt, putting husband on notice that he might be held in civil contempt. *See Yowman and Yowman,* 79 Or App 43, 46, 717 P2d 1243 (1986).