Argued and submitted September 18, reversed December 23, 1992

## In the Matter of the Marriage of

### Diane Sweet DAHLEM,
*Appellant,*

*and*

### Steven W. DAHLEM,
*Respondent.*

(15-90-09020; CA A73427)

844 P2d 208

George W. Kelly, Eugene, argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

**De MUNIZ, J.**

Mother appeals from a judgment of contempt entered after the dissolution of the parties' marriage in July, 1991. The dissolution judgment awarded mother custody of the two children and gave father specific visitation rights. In August, father filed a "Motion to Show Cause Re Contempt," alleging that mother had willfully denied him the visitation rights provided by the judgment. An order to show cause was issued in September and, after an October hearing, a judgment was entered. Mother was found in contempt and was allowed to purge it by complying with the visitation provision of the judgment. She was required to reimburse father for travel expenses, and father was given "make-up" visitation.

In November, father filed a "Motion to Show Cause Re Imposition of Sanctions for Contempt" for mother's alleged failure to comply with the October contempt judgment. His requested sanctions included that mother be confined for six months and placed on probation, that she pay him $1,000 and that the dissolution judgment be modified to change custody to him. A citation to appear was issued and, at the hearing, the court stated that it would determine the issue of custody at a later date and that it was treating the matter as a "criminal" contempt.

The court found mother in contempt of the October order. It suspended sentence and placed her on probation for two years on the conditions that she serve six months in custody and abide by the terms of the dissolution judgment. It also granted father "immediate temporary visitation" until mother's release from jail and abatement of his support obligation.

The gravamen of mother's first assignment of error is that the trial court erred in holding the contempt hearing, finding her in contempt and sentencing her, because the proceeding was brought by a private party without the participation of the district attorney's office. Mother is correct.

The contempt statutes, ORS chapter 33, were rewritten by the legislature in 1991. Or Laws 1991, ch 724.[1] There is

---

[1] The effective date was September 29, 1991.

no longer "criminal" contempt. Rather, contempt is categorized by the sanction sought, either remedial[2] or punitive. The sanction sought here was "punitive," that is, it was imposed to punish a past contempt of court. ORS 33.015(3).[3]

ORS 33.065 provides the procedure for imposition of punitive sanctions. The proceeding must be initiated by an accusatory instrument brought by a city attorney, a district attorney or the Attorney General. ORS 33.065(2). If those officials decline to prosecute, the court must determine if remedial sanctions would provide an effective alternative remedy and, if not, it may appoint an attorney to prosecute the contempt. ORS 33.065(3). Although a prosecutor may initiate a proceeding on the request of a party, ORS 33.065(4), there is no authority for a party directly to seek imposition of punitive sanctions. The court erred in conducting a contempt proceeding that sought punitive sanctions on a motion brought by a private party.

We need not reach mother's second assignment of error.

Reversed. Costs to wife.

---

[2] A remedial sanction is imposed to terminate a continuing contempt or to compensate for injury, damage or costs resulting from a past or continuing contempt. ORS 33.015(4). A court may impose a remedial sanction in addition to, or in lieu of, a punitive sanction. ORS 33.065(8).

[3] The sanction imposed was a punitive confinement, because it was for a definite period that would not be reduced even if mother were to comply with the court's order. ORS 33.045(2)(b).