Argued and submitted September 4, 1992, reversed and remanded March 17, 1993

STATE ex rel Kimberly I. GIBBON,
*Appellant,*

*v.*

Jeffrey S. WEST,
*Respondent.*

(89-DR-0037; CA A72391)

848 P2d 637

Robert B. Rocklin, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

No appearance for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson,* Judges.

ROSSMAN, P. J.

---

* Leeson, J., *vice* Buttler, J., retired.

## ROSSMAN, P. J.

The state appeals from a judgment that father is "not guilty of criminal contempt." We reverse.

Mother's and father's marriage was dissolved in 1984, and mother was awarded custody of their son. In 1989, father signed a stipulated order requiring him to pay $150 per month child support to mother. In March, 1991, the state filed a motion to show cause why father should not be found in *civil* contempt for failing to comply with the support order. At the show cause hearing, the state presented evidence that there was a valid order, that father knew of the order, and that he voluntarily refused to comply.

On June 14, 1991, the trial court issued a letter opinion, which stated in part:

> "*The Court notes that this is a criminal contempt case;*
>
> "* * * * *
>
> "Therefore, it is my ruling that the State must prove a willful violation of the court order in question. The State has shown there is a valid order, that defendant knew of the order, and that the defendant failed to pay; that is not sufficient, the State also must show that the defendant's action was willful. *In criminal contempt, the defendant is required to prove nothing.* See the case of *Hicks v. Feiock*, 485 US 624[, 108 S Ct 1423, 99 L Ed 2d 721] (1988).
>
> "Therefore, *defendant is found not guilty of criminal contempt.*" (Emphasis supplied.)

The state moved for reconsideration, arguing that the trial court had incorrectly applied the law of criminal contempt. The trial court denied the motion, expressing its belief that the state was required to show that an alleged contemnor had some income during the period in question.

Father, who does not appear in this appeal, argued in the trial court that the state had failed to prove its case because it had not established that he had the ability to pay support at the time that it was due, which is essential in a criminal contempt case. On appeal, the state argues that this is a civil, not criminal, contempt case, and that it presented a *prima facie* case of civil contempt in the trial court.

Thus, the primary question becomes whether this proceeding is a civil or criminal contempt. If it is a civil contempt, as the state suggests, what are the essential elements the state must show in order to establish a *prima facie* case, and has it done so here?

■ The state correctly argues that it pled and proved *civil* contempt.[1] Contempt by failure to pay child support may be either criminal or civil. *See, e.g., State ex rel Dwyer v. Dwyer*, 299 Or 108, 698 P2d 957 (1985); *Scott and Scott*, 107 Or App 674, 813 P2d 1096 (1991). In *State v. Thompson*, 294 Or 528, 534, 659 P2d 383 (1983), the Supreme Court described the difference:

> "Civil contempt provides judicial sanctions to secure compliance with a court order, but by definition, a penalty for criminal contempt punishes the act of noncompliance irrespective of a defendant's readiness to comply."

In this case, the state did not specify whether it was seeking sanctions to compel compliance or a penalty for past failure to comply. However, there are other indications that this is a civil contempt proceeding. The state characterized the proceeding as one for civil contempt. In all of the state's motions and in the *court's order*, father was asked to show cause why he should not be found in civil contempt. The motions put both father and the court on notice that the proceeding was one for civil contempt. *See Scott and Scott*, 107 Or App 674, 677 n 1, 813 P2d 1096 (1991). The trial court erred in applying the law of criminal contempt.

■ At the time of the hearing, ORS 33.010(1)(e) provided that "[d]isobedience of any lawful judgment, decree, order or process of the court" is a contempt of the authority of the court. In *Couey and Couey*, 312 Or 302, 821 P2d 1086 (1991), the trial court had applied that section to hold that a father who had refused to pay child support was in civil contempt. In affirming the trial court, the court held:

---

[1] In 1991, the legislature rewrote the contempt statutes. Or Laws 1991, ch 724. Under the amended statutes, there is no longer "criminal" or "civil" contempt. *Dahlem and Dahlem*, 117 Or App 343, 346, 844 P2d 208 (1992). Contempt is either "remedial" or "punitive," depending upon the sanction sought. ORS 33.015(4); ORS 33.015(3). The amended statutes were not in effect at the time of the hearing in this case.

"For the purpose of *former* ORS 33.010(1)(e), a *prima facie* case of contempt is shown by proof of (1) the existence of a valid court order; (2) the contemnor's knowledge of the order; and (3) voluntary noncompliance with the order. In this context, a finding of willful disobedience of a valid court order *is* a finding that the contemnor acted with bad intent and is sufficient to support a contempt judgment.* * * [A] trial court need not make separate findings regarding willfulness and bad intent to support a judgment of contempt." 312 Or at 306. (Emphasis in original.)

The state argues that it proved all three requirements and therefore made a *prima facie* case of civil contempt. It disputes the trial court's holding that the state must further prove that father had some ability to pay. The state is correct.[2]

The state proved the existence of a valid court order, that father knew of the order, and that he did not comply. That was sufficient to make a *prima facie* case for civil contempt, which father had the burden of overcoming by affirmatively showing his inability to comply with the order. *See, e.g., Svehaug v. Svehaug*, 16 Or App 151, 517 P2d 1073 (1974).

Reversed and remanded.

---

[2] The result would be the same even if this case were for *criminal* contempt. During the pendency of this case, the Supreme Court decided *State ex rel Mikkelsen v. Hill*, 315 Or 452, 847 P2d 402 (1993). It examined Oregon law in light of *Hicks v. Feiock*, 485 US 624, 108 S Ct 1423, 99 L Ed 2d 721 (1988), and held that it was constitutional to require the defendant to carry the burden of the affirmative defense of inability to pay in criminal contempt cases.