Argued and submitted January 8, award of attorney fees vacated; otherwise affirmed
December 22, 1993

In the Matter of the Marriage of

Leonard Duane DOUTHIT,
*Respondent,*

*and*

Sally Jo SWIFT,
*Appellant.*

STATE ex rel Leonard Duane DOUTHIT,
*Respondent,*

*v.*

Sally Jo SWIFT,
*Appellant.*

(89-3910-D-1; CA A72863)

865 P2d 479

Collette Boehmer argued the cause and filed the brief for appellant.

G. David Jewett argued the cause for respondent. With him on the brief was Thorp, Dennett, Purdy, Golden & Jewett, P.C.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Wife appeals a judgment of contempt. She argues that the trial court erred in finding her in contempt, awarding husband attorney fees plus postjudgment interest at a rate of 10% per annum and denying her motion to reopen the contempt hearing record to present additional evidence.

On January 25, 1991, husband and wife signed a marital settlement agreement that was incorporated into a judgment dissolving their marriage. The judgment of dissolution awarded each party those items of personal property that each had brought into the marriage. It required husband to arrange in advance a mutually convenient date and time, within 30 days from the date the court signed the judgment, to retrieve his personal property. Personal property acquired during the marriage was to be divided as agreed upon by the parties or, if the parties could not agree on the division of such property, sold and the proceeds divided equally between them. The court retained jurisdiction to resolve disputes regarding the disposition of the personal property.

According to prior arrangements, husband and several friends went to wife's residence on February 3, 1991, to retrieve his personal property. Wife was not present, but had two representatives on the property who informed husband that all of his personal property was stored in an old house by a mobile home. However, as he walked by a barn, husband noticed some of his property inside. Wife's representatives telephoned her several times before allowing husband into the barn to retrieve some of his property. Husband asked wife's representatives for permission to enter several other buildings to look for his property. Wife's representative refused husband permission to enter an apartment and said that all of the property in it belonged to wife or the representative. Husband entered anyway and saw more of his personal property. He also discovered some of his property under blankets. Husband looked through a window in wife's residence and saw more of his property. Wife's representative refused him entry to the residence and refused to retrieve the property for him. Garage sale tags were attached to some of husband's property and other property belonging to him was missing.

■      Pursuant to *former* ORS 33.010[1] and ORCP 78,[2] husband moved for wife to show cause why she should not be held in contempt for preventing him from retrieving items of his personal property during his February 3 visit. In a July 29, 1991, hearing, both parties called witnesses and presented evidence. The trial court continued the hearing until September 3 to give the parties an opportunity to settle their dispute. They did not. On November 4, after counsel for each side presented arguments, the trial court found wife in contempt for willingly and voluntarily refusing to release personal property to husband pursuant to the judgment of dissolution. The court ordered wife to turn over all remaining personal property to husband within 30 days to purge the contempt, or the court would grant husband a judgment against her for the value of that personal property. It also awarded husband attorney fees, plus 10% postjudgment interest on the total judgment.[3] Wife filed an objection to the award of attorney fees and the 10% interest rate.

In her first assignment, wife makes three arguments. First, she appears to argue that the trial court should not have found her in contempt, because the judgment of dissolution was not sufficiently specific to notify her of what property was awarded to husband. Second, she argues that the trial court did not make separate findings that she wilfully and with bad intent failed to comply with the judgment of dissolution. She asserts that she complied with the judgment by agreeing to a time and date for husband to retrieve his property. Third, she argues that she had no obligations regarding the property that remained after husband's February 3 visit, because husband failed to comply with the judgment of dissolution by not retrieving that

---

[1] In 1991, the legislature repealed *former* ORS 33.010. Or Laws 1991, ch 724, § 32. The legislature added new sections that characterize contempt as either "punitive" or "remedial," according to the sanction. ORS 33.015(3); ORS 33.015(4). There is no longer "criminal" or "civil" contempt. *Dahlem and Dahlem*, 117 Or App 343, 844 P2d 208 (1992). The new "punitive" and "remedial" contempt sections became effective September 29, 1991, and neither party claims that those sections apply here.

[2] In 1991, the Council on Court Procedures promulgated a new version of ORCP 78B to conform with the amended contempt statutes. *See* Or Laws 1991, ch 724, § 31.

[3] The court listed the total judgment as attorney fees plus costs and postjudgment (simple) interest, compounded monthly from the date the judgment was entered until it was fully paid.

property or making arrangements with her to retrieve it within the 30-day period specified by the judgment.

■■■ A *prima facie* case of civil contempt requires proof of three elements: (1) a valid court order; (2) knowledge of the order by the contemnor; and (3) the contemnor's voluntary noncompliance with the order. *Couey and Couey*, 312 Or 302, 306, 821 P2d 1086 (1991); *State ex rel Gibbon v. West*, 118 Or App 580, 584, 848 P2d 637 (1993). Wife acknowledges the existence and validity of the judgment of dissolution. There is ample evidence in the record that wife knew the requirements of that judgment. Evidence that she attempted to deprive husband of his property by concealing it and preventing him from retrieving it supports a finding that she was in voluntary noncompliance with the judgment. Separate findings of wilfulness and bad intent are not necessary to establish the noncompliance element of contempt. *Couey and Couey, supra.* Husband's failure to make additional arrangements after wife prevented him from retrieving his property does not excuse wife's noncompliance on February 3, 1991. There is substantial evidence to support the trial court's finding that wife was in contempt for willingly and voluntarily refusing to turn over personal property to husband pursuant to the judgment of dissolution. *See State ex rel Jiminez and Jiminez*, 55 Or App 221, 223, 637 P2d 928 (1981), *rev den* 292 Or 568 (1982).

In her second assignment, wife asserts that "[t]he court abused its discretion in requiring Wife to pay Husband's attorney fees," because husband did not request attorney fees or plead any basis for a fee award. In *Hogue and Hogue*, 118 Or App 89, 92, 846 P2d 422 (1993), we said:

"It is not necessary to specify the statutory basis of *a request for fees* when the facts asserted would provide a basis for an award of fees, the parties have fairly been alerted that attorney fees would be sought and no prejudice would result." (Emphasis supplied.)

We concluded in *Hogue* that the wife's failure to cite ORS 107.445 was not fatal to her claim for attorney fees, because her motion requested attorney fees and alleged facts showing that husband was in contempt. Similarly, in *Page and Page*, 103 Or App 431, 797 P2d 408 (1990), we concluded that the

wife's reliance on the wrong statute as authority for her fee request did not prevent an award of fees to her.

■ Here, unlike in *Hogue* and *Page*, husband did not request attorney fees or allege any source of authority for the award of attorney fees in his motion. Consequently, wife did not have notice that attorney fees would be an issue in the proceedings. In the absence of a request for attorney fees, the trial court had no basis to award them. ORCP 68C(2); *Parkhurst v. Faessler*, 62 Or App 539, 542, 661 P2d 571 (1983); *see Walker v. Grote*, 106 Or App 214, 806 P2d 725 (1991).

Husband argues that his failure to request attorney fees is excused, because "the trial court entered an Order finding wife in contempt and awarding husband attorney fees," and "ORCP 68 does not apply to the award of attorney fees 'granted by order.' " Husband is mistaken. Wife originally appealed from an order purporting to finally dispose of the case. In lieu of dismissal, because there was not an appealable judgment, we granted the trial court leave to enter a judgment on the motion of any party. The trial court entered a judgment of contempt and award of attorney fees on January 31, 1992, and that *judgment* is the basis of this appeal.

■ In her third assignment, wife asserts that the trial court erred by denying her motion to reopen the hearing record to allow her to present additional evidence in the form of testimony by a witness. The proponent of evidence must make an adequate offer of proof to preserve a claim that the trial court erred in excluding testimony or other evidence. *State v. Busby*, 315 Or 292, 298, 844 P2d 897 (1993). At the November 4 hearing, wife's attorney, as an offer of proof, told the court that a witness who had been unable to attend the July 29 hearing was present and would provide "testimony as far as what occurred" and "what was done with the notes and the list that [the witness] made of the items that [husband] took." That offer of proof does not indicate what testimony the witness would give. Without knowing the substance of the witness' testimony, we cannot determine whether the trial court erred in denying wife's motion to reopen the hearing record.

Award of attorney fees vacated; otherwise affirmed.