Argued and submitted February 28, affirmed July 6, petition for review denied
November 22, 2005 (339 Or 544)

## STATE OF OREGON,
*Respondent,*

*v.*

## JAMES PATRICK BROWN,
aka James Patrick Chambers,
*Appellant.*

0110-51539; A121813

115 P3d 254

Ernest G. Lannet, Deputy Public Defender, argued the cause for appellant. With him on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Doug M. Petrina, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Armstrong, Presiding Judge, and Brewer, Chief Judge, and Deits, Judge pro tempore.

BREWER, C. J.

## BREWER, C. J.

Defendant appeals a judgment of conviction for driving under the influence of intoxicants (DUII), assigning error to the trial court's imposition of several special conditions of probation. Defendant argues that, in order to impose those special conditions, the trial court was required to find facts that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), should have been proved to a jury beyond a reasonable doubt. Defendant concedes that he raises the issue for the first time on appeal but urges us to address it as plain error. We decline to exercise our discretion to correct the asserted error and therefore affirm.

Defendant was convicted of DUII. The court sentenced defendant to three years of "enhanced bench probation" with general and special conditions. A "judgment addendum" listed the special conditions:

"1)   Do not use or possess alcoholic beverages.

"2)   Do not drive a motor vehicle without a valid driver's license and insurance.

"3)   Submit to Breathalyzer and field sobriety tests if requested by police.

"4)   Do not enter or frequent any establishment whose primary income is derived from the sale of alcohol.

"5)   Obtain DUII evaluation and participate in and complete the recommended alcohol/substance abuse treatment program.

"6)   Attend the Victim's Panel.

"7)   Participate in Multnomah County Adult Community Justice's Enhanced Bench Probation Monitoring program, comply with the conditions of the program, pay a fee of $10 per month to Multnomah County Adult Community Justice for the cost of monitoring, and submit to fingerprinting when directed to do so by Multnomah County Adult Community Justice.

"8) Notify the Enhanced Bench Probation program of any changes in residence address within 24 hours (excluding weekends)."

Although the addendum to the judgment lists all of those conditions as "special" conditions of probation, defendant notes that many of them also constitute general conditions of probation pursuant to ORS 137.540(1). Thus, those conditions did not require additional factfinding.

■ Defendant asserts that the trial court could impose the remaining conditions of probation only after it determined that the conditions were "reasonably related to the crime of conviction or the needs of the defendant for the protection of the public or reformation of the offender, or both[.]" ORS 137.540(2). Defendant argues that, under *Blakely* and *Apprendi*, the trial court could not make that determination because it constituted a finding of fact that increased his sentence beyond the prescribed statutory maximum and should therefore have been submitted to the jury and proved beyond a reasonable doubt. Defendant asserts that the error is apparent on the face of the record and that we should exercise our discretion to correct it. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991) (we may exercise discretion to consider an unpreserved error if the error is one of law and is apparent on the face of the record, and if we articulate our reasons for doing so). The state responds that *Blakely* and *Apprendi* are inapplicable because special conditions of probation are not punishment for *Apprendi* purposes and because the determination that the trial court made in this case was solely one of law.

■■ We need not resolve the parties' dispute because, even assuming that the trial court erred and that the error is apparent on the face of the record, we would decline to exercise our discretion to correct the unpreserved error. We exercise our discretion to correct such an error only if compelling reasons exist to do so. *See Ailes*, 312 Or at 382 ("A court's decision to recognize unpreserved or unraised error in this manner should be made with utmost caution. Such an action is contrary to the strong policies requiring preservation and raising of error."); *see also State v. Jury*, 185 Or App 132, 138, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003) (review of plain

error should be the exception and not the rule). Some of the factors that we consider in deciding whether to exercise our discretion include (1) the competing interests of the parties; (2) the nature of the case; (3) the gravity of the error; (4) the ends of justice in the particular case; (5) how the error came to the court's attention; and (6) whether the policies behind the general rule requiring preservation of error have been served in the case in another way—in other words, whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error. *Ailes*, 312 Or at 382 n 6.

In this case, the gravity of the asserted error is slight, and the ends of justice do not require reversal. Defendant does not face potentially unlawful incarceration. The special conditions of probation that he challenges were imposed for an alcohol-related offense; they merely prohibit him from drinking alcohol and going to bars and require him to attend the Victim's Panel and participate in a probation monitoring program at a minimal cost. Given that defendant does not challenge his conviction for DUII, we do not think that the ends of justice will be disserved by requiring defendant to abide by those terms of probation for this offense. The remedy of correcting an unpreserved error is therefore not appropriate in this case. *Cf. State v. Brown*, 310 Or 347, 356, 800 P2d 259 (1990) (court exercised discretion to correct an error that could have meant the difference between life and death for the defendant); *State v. Perez*, 196 Or App 364, 373, 102 P3d 705 (2004), *rev allowed*, 338 Or 488 (2005) (court exercised discretion to correct *Blakely* error because the state had no interest in the defendant serving an unlawful prison sentence).

Affirmed.