Submitted on record and briefs July 28, affirmed August 31, 2005

## STATE OF OREGON,
*Respondent,*

*v.*

## MARK ANTHONY McAHREN,
*Appellant.*

CF010325; A122974

118 P3d 859

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Louis R. Miles, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Paul L. Smith, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman* and Ortega, Judges.

LANDAU, P. J.

---

\* Schuman, J., *vice* Richardson, S. J.

## LANDAU, P. J.

Defendant was convicted of one count of manufacture of a controlled substance and two counts of possession of a controlled substance. He was sentenced to concurrent terms of probation. On appeal, he argues that the trial court erred in denying his motion to suppress evidence based on the insufficiency of the search warrant affidavit; in admitting a forensic laboratory report without testimony of the forensic scientist who prepared it, in contravention of his constitutional right to confront witnesses as set out in *Crawford v. Washington*, 541 US 36, 124 S Ct 1354, 158 L Ed 2d 177 (2004); and in imposing special conditions of probation based on facts not proved to a jury beyond a reasonable doubt, in contravention of *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000). The state responds that the trial court properly denied the motion to suppress evidence because defendant failed to move to controvert the search warrant affidavit. It also argues that defendant's second and third assignments of error are not preserved and that neither is plain error.

We reject defendant's first assignment of error without discussion. Consistently with *State v. Thackaberry*, 194 Or App 511, 95 P3d 1142 (2004), *rev den*, 338 Or 17 (2005), defendant's Confrontation Clause challenge to the laboratory report is not preserved and the trial court's decision to admit the report is not plain error; we therefore reject that assignment as well. Finally, as in *State v. Brown*, 200 Or App 427, 115 P3d 254 (2005), even assuming, without deciding, that the imposition of special conditions of probation without submission of the predicate facts to a jury is plain error, we would decline to exercise our discretion to correct it in this case. As in *Brown*, defendant does not face potentially unlawful incarceration. Also, several of the special conditions of probation imposed by the court are substantially identical to general conditions of probation that defendant does not challenge, including submission to drug testing and to random searches and a prohibition on using or possessing illegal drugs. Some of those same conditions, as well as others, involve conduct related to his crimes of conviction, including

prohibitions on possessing narcotics paraphernalia; on associating with persons using illegal substances; on frequenting places where illegal substances are used; and the requirements that defendant obtain a substance abuse evaluation and that he forfeit the evidence seized. Because we are affirming defendant's convictions, we do not think that the ends of justice will be disserved by requiring defendant to comply with those related conditions. *See Brown*, 200 Or App at 431 (applying same reasoning).

Affirmed.