Argued and submitted December 7, 2005, affirmed February 8, petition for review denied May 23, 2006 (340 Or 672)

Pamela M. MURPHY,
*Petitioner below,*

*v.*

David S. ALLEN,
*Respondent below.*

STATE OF OREGON,
*Respondent,*

*v.*

DAVID S. ALLEN,
*Appellant.*

9706-66110; A125477

129 P3d 242

Liza Langford argued the cause and filed the brief for appellant.

Christina M. Hutchins, Assistant Attorney General, waived appearance for respondent.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Rosenblum, Judge.

PER CURIAM

## PER CURIAM

Husband, who was respondent below, appeals from a judgment of the trial court imposing 45 days of jail time as a sanction for his violation of court orders regarding parenting time. He asserts, in part, that the trial court erred in imposing that sanction because (1) it was "punitive," as described in ORS 33.045(2)(b), because the jail term was for a definite period and could not be reduced even if he had complied with the court's orders; (2) such a sanction can be imposed only in a proceeding initiated by a city attorney, the district attorney, or the Attorney General, ORS 33.065(2); and (3) the proceeding here was initiated solely by a private party (husband's former wife). *See Dahlem and Dahlem*, 117 Or App 343, 844 P3d 208 (1992). We affirm.[1]

We do not address the merits of husband's principal contention, summarized above, because it is unpreserved. *State v. Wyatt*, 331 Or 335, 345-47, 15 P3d 22 (2000). Husband did not raise his present challenge in the trial court. Further, husband does not contend that the alleged error is "error apparent on the face of the record," ORAP 5.45, much less advance any persuasive reason why we should exercise our discretion to review and correct the alleged error. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382, 823 P2d 956 (1991); *State v. Brown*, 200 Or App 427, 115 P3d 254, *rev den*, 339 Or 544 (2005). We reject husband's other arguments without discussion.

Affirmed.

---

[1] Although the case caption in the circuit court identified the State of Oregon as a "respondent" to the proceedings in the circuit court, the state was, in fact, never a party to those proceedings.